IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER "KIT" BOND,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS CORPORATION and "STU" EMMERT CHEVROLET-BUICK-CADILLAC INCORPORATED a/k/a "STU" EMMERT CHEVROLET-BUICK, INC.,<br><br>Defendants. | Case No. 05-1275-JTM |

**MEMORANDUM AND ORDER**

This matter comes before the court on the defendant's Motion to Dismiss defendant "Stu" Emmert Chevrolet Buick-Cadillac Incorporated (hereafter "Emmert Chevrolet") (Dkt. No. 9) and plaintiff's Motion for Remand (Dkt. No. 12). Since the arguments in the two motions overlap, the court will consider the motions together. After reviewing the parties' arguments, the court denies defendant's motion and grants plaintiff's motion.

**I. BACKGROUND**

**A. Introduction**

On July 27, 2005, plaintiff Christopher Bond filed a petition in the District Court of Stevens County, Kansas, against the above-named defendants. Plaintiff alleges he suffered injuries on August 2, 2003, in Stevens County, Kansas, in a single vehicle accident involving a 2000 Chevrolet 2500 4X4 Pickup in which he was a passenger. Plaintiff alleges the pickup

rolled over, crushing the roof and rendering plaintiff a quadriplegic.  Plaintiff was 22 years old at the time of the accident.  The driver, Gregory Morris, had purchased the vehicle from defendant Emmert Chevrolet.  In his petition, plaintiff named as defendants the manufacturer General Motors Corporation (hereafter "General Motors") and the dealer Emmert Chevrolet.  Mr. Morris is not a party in this action.

On August 31, 2005, defendant General Motors removed the action to this court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 and asserted fraudulent joinder of Emmert Chevrolet. Emmert Chevrolet consented to removal.

**II. STANDARD OF REVIEW**

**A. Motion to Dismiss**

"A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling [him] to relief under [his] theory of recovery."  Poole v. County of Otero, 271 F.3d 955, 957 (10th Cir. 2001) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "The court must accept all the well-pled allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."  Boyd v. Runyon, No. 94-1557-JTM, 1996 WL 294330, at *1 (D. Kan. May 23, 1996) (citing Williams v. Meese, 926 F.2d 994 (10th Cir. 1991)).  "The [c]ourt, however, need not accept as true those allegations that are conclusory in nature, i.e., which state legal conclusions rather than factual assertions."  Fugate v. Unified Gov't of Wyandotte, 161 F. Supp. 2d 1261, 1263 (D. Kan. 2001) (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).

**B. Motion to Remand**

To bring an action in federal court, a party must establish a basis for federal subject

matter jurisdiction.  To establish jurisdiction under 28 U.S.C. § 1332, a party must show that the amount in controversy exceeds the sum or value of $75,000 and that the action is of citizens of different states.  28 U.S.C. § 1332(a).  Section 1332 has been interpreted to require "complete diversity" among the parties in the suit.  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 580, 119 S.Ct. 1563, 1568 n. 2 (1999) (citations omitted).   "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Fed. R. Civ. P. 12(h)(3).  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). It is well established that the parties cannot waive the lack of subject matter jurisdiction.  Williams v. Life Sav. and Loan, 802 F.2d 1200, 1202 (10th Cir. 1986).

### III. ANALYSIS

The motions before the court raise the central issue of whether plaintiff properly joined defendant Emmert, a citizen of Kansas. General Motors argues that defendant Emmert is not liable under state product liability law and should be dismissed from this action, thus preserving federal diversity jurisdiction between the remaining parties.  Plaintiff responds that there is a cognizable claim against defendant Emmert, which destroys diversity and requires remand of this action to state court.

The Kansas Product Liability Act (hereafter "KPLA") governs "any action based on strict liability in tort, negligence, breach of express or implied warranty, breach of, or failure to discharge a duty to warn or instruct, whether negligent or innocent, misrepresentation, concealment or nondisclosure, whether negligent or innocent, or under any other substantive

legal theory." K.S.A. § 60-3302(c). The statute also covers the actions of a product seller, defined as "any person or entity that is engaged in the business of selling products, whether the sale is for resale, or for use or consumption." K.S.A. § 60-3302(a).

The statute limits the product sellers' liability in certain circumstances. K.S.A. § 60-3306. The statute provides:

> A product seller shall not be subject to liability in a product liability claim arising from an alleged defect in a product, if the product seller establishes that:
> (a) [s]uch seller had no knowledge of the defect;
> (b) such seller in the performance of any duties the seller performed, or was required to perform, could not have discovered the defect while exercising reasonable care;
> (c) the seller was not a manufacturer of the defective product or product component;
> (d) the manufacturer of the defective product or product component is subject to service of process either under the laws of the state of Kansas or the domicile of the person making the product liability claim; and
> (e) any judgment against the manufacturer obtained by the person making the product liability claim would be reasonably certain of being satisfied.

K.S.A. § 60-3306. Where the defendant satisfies all five requirements, "the legislature has decided to shift the product liability to the manufacturer," providing immunity to the seller. Jackson v. Thomas, 28 Kan. App. 2d 734, 738, 21 P.3d 1007 (2001) (finding a seller of solvents not liable under Kansas statute on a motion for summary judgment).

General Motors asserts that Emmert Chevrolet satisfies the statutory requirements for immunity. In support of its motion to dismiss, General Motors submits the affidavit of Frederick A. Miller, general manager of Emmert Chevrolet, who claims no knowledge of any defect of the subject automobile and asserts that any such defect could not be discovered with reasonable care. However, plaintiff argues that the first and second elements of the statute have not been satisfied. Plaintiff alleges that Emmert Chevrolet maintains and repairs its clients' vehicles and shares with

the manufacturer a distinct insight into both the strengths and weaknesses in product design. Plaintiff also alleges that General Motors' answer to the petition indicates that it may hold other persons or entities responsible, although General Motors denies that it intends to hold the dealer responsible.

The court finds that the first two elements of the product immunity statute have not been satisfied. Unlike Jackson, this is a motion to dismiss rather than a motion for summary judgment where the pleadings must be construed liberally and in the light most favorable to plaintiff. Gas-a-Car, Inc. v. American Petrofina, Inc., 484 F.2d 1102 (10th Cir. 1973); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984); Fed.R.Civ.P. 8(a). See McHenry ex rel. McHenry v. Sears, Roebuck & Co., No. Civ. A 99-2351-CM, 2000 WL 1472742, at *4 (D. Kan. Aug. 3, 2000) (distinguishing Jackson on same grounds). "Matters outside the pleadings are not considered on a motion for judgment on the pleadings." Hansel v. Payless Cashways, Inc., Civ.A.No. 94-2119, 1994 WL 608764, at *2 (D. Kan. Oct. 12, 1994). While the court may consider affidavits in motions for summary judgment, it is not appropriate to do so when discovery is still in progress. Id. (noting in dicta that "[e]ven if the affidavit would be considered by the court on a motion for summary judgment, it is doubtful that such self-serving, conclusory statements would be sufficient to establish non-liability under K.S.A. § 60-3306."). Construing the pleadings in favor of plaintiff, the court declines to dismiss defendant Emmert Chevrolet. Since federal diversity jurisdiction is destroyed, the court remands this action to state court.

IT IS ACCORDINGLY ORDERED this 2d day of February, 2006, that the court denies defendant's Motion to Dismiss (Dkt. No. 9) and grants plaintiff's Motion for Remand (Dkt. No. 12).

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE